# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ABRAHAM DAVID WEISEL,** : | CIVIL ACTION NO. 1:09-CV-1906 |
| : | |
| **Plaintiff** : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **C/O KEITH FRANK, YORK COUNTY** : | |
| **PRISON,** : | |
| : | |
| **Defendants** : | |

## MEMORANDUM

Presently before the court is a civil rights complaint filed by Abraham David Weisel ("Weisel"), an inmate at the York County Prison, York, Pennsylvania. (Doc. 1.) Named as defendants are "C/O Keith Frank" and York County Prison. (Id.) Weisel seeks to proceed in forma pauperis. (Doc. 7.) For the reasons that follow, the motion will be granted solely for the purpose of the filing of the action and the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.  Allegations of the Complaint

Weisel alleges that on August 5, 2009, he informed defendant Frank that his cell door was malfunctioning. At the direction of defendant Frank, he returned to his cell and pulled on the cell door while the corrections officer in the control room hit the manual close button. The door closed and Weisel caught his "ring and pinky finger in the door. This broke [his] 5th metacarpal confirmed in multiple x-rays." (Doc. 1, at 4.) He alleges that due to the denial of prompt medical care, his finger did not heal properly and he now has a large bump on his hand. He did not see an

orthopedic surgeon for approximately twenty days. By then, the bones were "healing themselves together." (Id.) However, the surgeon recommended against re-breaking the finger and re-setting it because the pain would be too severe. (Id.)

As relief, he is seeking to have the bones surgically reset. He is also seeking compensation for pain and suffering. (Id.)

## II. Discussion

Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that (B) the action . . . (ii) fails to state a claim on which relief may be granted . . . " 28 U.S.C. §1915(e)(2)(B)(ii). The applicable standard of review is the same as the standard for a 12(b)(6) motion. Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. Id. at 106.

In order to prevail on a § 1983 claim, a plaintiff must establish that: (1) the alleged wrongful conduct was committed by a person acting under color of state law, and (2) the conduct deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000); Schiazza v. Zoning Hearing Bd., 168 F. Supp. 2d 361, 372 (M.D. Pa. 2001).

With respect to York County Prison, plaintiff is unable to maintain the action as to this defendant because it is not a person for purposes of maintaining a civil rights action. Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989); Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274 (1977). This entity has no existence apart

from the government and cannot be considered a person for purposes of maintaining a civil rights action.

The claim against defendant Frank is also subject to dismissal. "A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement may be shown through allegations of personal direction or actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988); see also, Rizzo v. Goode, 423 U.S. 362 (1976); see Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. Rode, 845 F.2d at 1207-08.

The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). In order to establish a violation based on the Eighth Amendment, "evidence must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004); Natale v. Camden County Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003); Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); West v. Keve, 571 F.2d 158, 161 (3d Cir. 1979). Thus, a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. . . ." Estelle, 429 U.S. at 106. While Frank clearly

3

was involved in the efforts to correct the malfunctioning cell door, he had no involvement in the medical care of Weisel.

Moreover, the United States Court of Appeals for the Third Circuit has held that a non-physician defendant cannot be held liable for being deliberately indifferent to an inmate's medical needs where, as here, the inmate is receiving treatment from the institution's health care staff. See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993.) There is no question that Frank is a non medical defendant and it is clear from the allegations of the complaint that Weisel was receiving treatment from the institution's health care staff. Consequently, the claim against this defendant is subject to dismissal.

### III. Conclusion

Based on the foregoing, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2))(B)(ii). However, the court will grant him leave to amend his complaint in order to properly identify individual defendants. See Grayson, 293 F.3d at 108.

An appropriate order follows.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated: November 2, 2009

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ABRAHAM DAVID WEISEL,** | : | CIVIL ACTION NO. 1:09-CV-1906 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **C/O KEITH FRANK, YORK COUNTY PRISON,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 2nd day of November, 2009, upon consideration of plaintiff's complaint (Doc. 1), it is hereby ORDERED that:

1. The application to proceed in forma pauperis (Doc. 7) is GRANTED for the sole purpose of the filing of the action.

2. The complaint (Doc. 1) is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. Plaintiff's motion to appoint counsel (Doc. 5) is DENIED.

4. The Clerk of Court is directed to CLOSE this case.

5. Plaintiff may FILE an amended complaint on or before November 11, 2009. The amended complaint shall carry the same civil docket number (1:09-CV-1906) presently assigned to this matter.

6. The amended complaint shall be a short, plain, and concise statement of the claim and shall be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. FED. R. CIV. P. 8(e)(1).

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge